**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

RICHARD ALAN BROCK                          CIVIL ACTION NO. 15-2416

v.                                          JUDGE S. MAURICE HICKS, JR.

DEAN MORRIS, L.L.P. AND                     MAGISTRATE JUDGE HORNSBY
ALLY BANK CORP.

**MEMORANDUM RULING**

Before the Court is an *unopposed* Rule 37(b)(2) Motion to Dismiss (Record Document 18) filed by Defendant Ally Bank Corp. ("Ally Bank").  Ally Bank seeks dismissal on the ground that Plaintiff Richard Alan Brock ("Brock") has failed to comply with Court-ordered discovery.  For the reasons that follow, Ally Bank's Rule 37(b)(2) motion is **GRANTED**.

**RELEVANT BACKGROUND**

On July 27, 2006, Brock executed a $56,000 promissory note secured by a mortgage on the property commonly known as 3504 Seminole Drive, Shreveport, Louisiana 71107 ("the subject property").  On August 31, 2015, Ally Bank employed co-defendant Dean Morris L.L.P. ("Dean Morris") to execute a foreclosure on the subject property because Brock had defaulted on the note.  On or about September 24, 2015, Dean Morris mailed a notice to Brock regarding the impending foreclosure.  Subsequently, on September 24, 2015, Dean Morris received a letter from Brock threatening legal action and Brock filed the action the same day, naming both Ally Bank and Dean Morris as defendants.

On December 14, 2015, Ally Bank served the First Set of Interrogatories and Request for Production of Documents on Brock.  The document (Record Document 18-2) stated that a copy of the answers to the interrogatories should be served on Ally Bank

within the 30 days as allowed by Federal Rule of Civil Procedure 33(b)(2).  As no response had been received by January 5, 2016, Melissa M. Grand, on behalf of Ally Bank, sent Brock an e-mail (Record Document 18-3) reminding him that his discovery responses were due by January 13, 2016.

On January 14, 2016, 30 days after the interrogatories were served on Brock, Ally Bank sent Brock an e-mail as well as a letter informing him that his responses were past due.  Ally Bank notified Brock of a telephone discovery conference in compliance with LR37.1 of the Local Rules for the United States District Court, Western District of Louisiana to be conducted the following day at 10:30 a.m.  On the appointed day, January 15, 2016, Brock failed to answer the phone call at the designated time and Ally Bank sent him a letter (Record Document 18-5) documenting that it had, in fact, called and that as a result, he had failed to appear for a discovery conference.

On January 13, 2016, Brock was issued a subpoena (Record Document 18-8) to appear and testify at a deposition that was to take place on January 26, 2016 at Shreve Memorial Library at 9:00 a.m.  The same day, Ally Bank filed a Notice of Deposition (Record Document 18-8) with the Court.  The following day, January 15, 2016, Brock signed a Proof of Service (Record Document 18-8), verifying that he received the subpoena and was on notice of the fact that he was ordered to attend the deposition on January 26, 2016.

On January 21, 2016, Ally Bank filed a Motion to Compel (Record Document 18-6) against Brock for expedited consideration.  Ally Bank moved the Court to order Brock to produce his answers to the Interrogatories and Requests for Production Documents.  Ally Bank required expedited consideration because the end of the period allowed for discovery was on January 29, 2016.  On January 22, 2016, the Court granted Ally Bank's Motion to

Compel and required Brock to answer no later than February 2, 2016.  The same day, Ally

Bank sent Brock an e-mail (Record Document 18-7) with an attachment of the order issued

by the Court.

At approximately 9:14 a.m. on January 26, 2016, the deposition of Brock

commenced at Shreve Memorial Library.  Upon initially being addressed by Ms. Grand,

Brock stated that he would not be participating in the deposition. (Brock Dep. 5:17-18;

Record Document 18-9).  He stated that he would not give the deposition "for reasons that

I don't have to."  (Brock Dep. 5:20; Record Document 18-9).  The Court then intervened

and held a discovery conference during Brock's deposition.  Magistrate Judge Hornsby

warned Brock of possible consequences of his failure to participate during the deposition.

These possible consequences include sanctions which "may include dismissal of your

lawsuit with prejudice, which means you wouldn't be able to file it again." (Brock Dep.

13:19-21; Record Document 18-9).

Throughout the discovery conference, Brock stated that he had discovery

documents in his possession, and would get them to Ally Bank and the Court in due course.

(Brock Dep. 154:14; 198:16-21; 199:118-19). However, Brock has failed to produce such

documentation since that time and the February 2, 2016 deadline provided by the Court

has passed.

Due to the sequence of events described above, on February 16, 2016, Ally Bank

filed a Rule 37(b)(2) Motion to Dismiss for Failure to Comply with a Court Order (Record

Document 18).

## LEGAL STANDARD

Ally Bank has moved to dismiss Brock's claim pursuant to Rule 37(b)(2) of the

Federal Rules of Civil Procedure.  In pertinent part, Rule 37(b)(2) provides, "If any party

[. . . ] fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They include the following:  [. . .](v) dismissing the action or proceeding in part whole or in part."

In determining whether or not dismissal of the claim is proper, the Court should consider several factors.  First, dismissal is considered a proper sanction when the failure to comply with the Court's order is a result of wilfulness or bad faith, and not due to the inability to comply.  See National Hockey League v. Metropolitan Hockey Club, Inc., 96 S. Ct. 2778, 2781 (1986).  Second, dismissal is proper when the use of a less drastic sanction under Rule 37 would not serve as a proper deterrent.  See Marshall v. Segona, 621 F.3d 763, 768 (5th Cir. 1980).  Another factor the Court takes into consideration is whether the other party was substantially prejudiced by the plaintiff's failure to comply with the Court order.  See Baton v. Neal Spelce Associates Inc., 765 F.2d 511, 514 (5th Cir. 1985). Finally, dismissal has been determined to be an inappropriate sanction when the neglect is attributable to the attorney and not the blameless client.  See Marshall, 621 F.3d at 768.

There is a reluctance to grant motions to dismiss for failure to comply with prejudice. Such dismissals are branded as a "draconian" remedy or a "remedy of last resort," only to be applied in extreme circumstances.  See Batson, 765 F.2d at 515.  However, it has been determined that a district court's dismissal with prejudice is warranted where there is a clear record of contumacious conduct by the plaintiff and no other lesser sanction would better serve the interests of justice. See Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008).  Additionally, the Court must consider several aggravating factors that could be present, including: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. See Rogers v.

Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982).  Generally, the Fifth Circuit has affirmed dismissal with prejudice where the requisite facts of clear delay and ineffective lesser sanctions are accompanied by the presence of at least one aggravating factor.  See id.

**ANALYSIS**

It is clear from the history of this case that Brock has blatantly disregarded the Federal Rules of Civil Procedure as well as the court-ordered production of documents, which placed his claim at risk of sanctions by this Court.  Magistrate Judge Hornsby warned Brock that such sanctions could be as severe as dismissal of his case.  A sanction as severe as dismissal is only appropriate if all of the factors, including the aggravating factors have been satisfied.

In Doe v. American Airlines, 283 Fed. Appx. 289, 292 (5th Cir. 2008), the Fifth Circuit Court of Appeals affirmed the district  court's judgment dismissing plaintiff's claims with prejudice for failure to comply with court orders.  In Doe, the plaintiff brought failure to accommodate, hostile work environment, and retaliation claims against the defendant, American Airlines ("AA").  See id. at 290.  Throughout the course of Doe, both parties were warned that any further failure to comply would subject either party to sanctions, which could include dismissal of the case.  See id.  Subsequently, AA served discovery requests on Doe seeking medical records and other such discovery documents, which Doe failed to produce.  See id.  Upon this failure, AA filed an Expedited Motion to Compel.  See id. The district court granted the motion and set a deadline requiring Doe to respond.  See id. Doe did not make any form of reply to this order.  See id.  Again, AA attempted to contact her, to which there was no response.  See id.  At this point, AA filed an Expedited Motion for Sanctions, requesting dismissal of the case with prejudice for the failure to comply with a Court Order.  See id.  Here, the Magistrate Judge held that "in light of the history of the

Page 5 of  8

case," Doe's claim should be dismissed with prejudice. See id. The district court accepted the Magistrate Judge's conclusions and determined that Doe had "engaged in bad faith, contumacious conduct and dismissed her suit with prejudice." See id. at 291. After Doe filed a timely appeal, the Fifth Circuit affirmed, finding that the plaintiff had in bad faith repeatedly failed to cooperate even after several warnings of the potential dismissal of her case and additionally posed severe prejudice to the defendant. See id. at 292.

A similar course of events has unfolded in the instant case. Brock has repeatedly failed to appear for discovery conferences, failed to comply with court ordered production, and has been warned that these failures may put his case in jeopardy of dismissal. As stated above, in determining whether or not dismissal of the claim is proper, there are several factors the Court must take into consideration. First, the Court must consider whether or not the failures to comply were the result of wilfulness or bad faith. See National Hockey League, 96 S.Ct. at 2781. During, his deposition, Brock stated that he was unwilling to participate in the deposition simply because he was not legally obligated to participate. (Brock Dep. 5:20). This statement shows that he was actively making the choice not to comply with the Court's order to participate in discovery and, through his conduct, has conversely obstructed discovery. There is no doubt that Brock wilfully failed to comply with the orders of this Court.

Next, the Court must consider whether a less drastic sanction under Rule 37 would be proper. Dismissal is warranted when another sanction would not serve as a proper deterrent. See Marshall, 621 F.3d at 2781. Brock has been warned of the consequences of his failing to comply, along with the fact that his noncompliance could result in the dismissal of the action. This warning should have raised alarm and initiated a desire to participate in the proceedings; however, it did not do so. Brock has continued to be non-

Page 6 of 8

responsive and still has not filed any of the promised and/or compelled documents.  If the threat of dismissal is not a strong enough deterrent, this Court finds that no other less drastic sanctions would have the desired deterrent effect.

Third, the Court must consider whether the other party, in this case Ally Bank, was substantially prejudiced by Brock's failure to comply with the Court Order.  See Batson, 765 F.2d at 514.  Because of Brock's abject noncompliance, Ally Bank has been unable to conduct meaningful discovery in order to prepare for trial.  The documents and discovery needed are necessary to their case.  Therefore, Ally Bank has been substantially prejudiced because Brock utterly failed to comply with the orders of discovery imposed by the Court.

Finally, the Court must consider to whom the neglect is attributable in order to determine if dismissal is proper.  See Millan, 546 F.3d at 326.  As Brock is proceeding *pro se* in this matter, there is no other person responsible for Brock's conduct except Brock himself.  Therefore, all four factors the court should take into consideration weigh in favor of dismissal.

Additionally, the Court must also examine the aggravating factors as stated in Rogers, 669 F.2d at 320.  The first aggravating factor is whether the delay is caused by the plaintiff himself and not his attorney.  See id.  Again, as Brock is proceeding in this case *pro se*, the delay can only be caused by him.  The next aggravating factor is if there was actual prejudice to the defendant.  See id.  Because Ally Bank was unable to obtain the documents from Brock that are essential to their case, it is clear that Ally Bank was actually prejudiced by Brock's inexcusable refusal to comply.  The last aggravating factor the Court should consider is whether or not the delay was caused by intentional conduct.  See id. Brock was repeatedly notified with letters and e-mails stating that Ally Bank had not

received Brock's answers or documents, he failed to appear for the telephone discovery conference, and refused to meaningfully participate in his deposition.  All of these instances lead to the inescapable conclusion that Brock's behavior was indeed intentional and calculated to obstruct the progress of the case in defiance of the Scheduling Order and other orders.

Based on the presence of these factors, it is clear that dismissal with prejudice is an appropriate remedy in this instance.  Ally Bank's Rule 37(b)(2) Motion to Dismiss is, therefore, **GRANTED**.

**CONCLUSION**

The Court finds that Brock's repeated noncompliance with Court-ordered discovery has subjected his case to dismissal with prejudice.  Accordingly, Ally Bank's Rule 37(b)(2) Motion to Dismiss (Document 18) is **GRANTED**.  All of Brock's claim(s) are **DISMISSED WITH PREJUDICE**.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of August 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE