## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| RICHARD ALAN BROCK | CIVIL ACTION NO. 15-2416 |
| v. | JUDGE S. MAURICE HICKS, JR. |
| DEAN MORRIS, L.L.P. AND ALLY BANK CORP. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an *unopposed* Rule 12(b)(6) Motion to Dismiss (Record Document 20) filed by Defendant Dean Morris, L.L.P. ("Dean Morris"). Dean Morris seeks dismissal on the ground that Plaintiff Richard Brock ("Brock") has failed to state a viable claim for relief. See id. Alternatively, Dean Morris seeks dismissal pursuant to Rule 12(c), a judgment on the pleadings. See id. For the reasons that follow, Dean Morris' Rule 12(b)(6) motion is **GRANTED**.[1]

## RELEVANT BACKGROUND

On July 27, 2006, Brock executed a promissory note in the amount of $56,000. This promissory note was secured by a mortgage on the property commonly known as 3405 Seminole Drive, Shreveport, Louisiana ("the subject property"). According to Brock's amended complaint entitled "Wrongful Foreclosure and Theft, Brock arrived at the subject property, which is his home, sometime between January and February 2015 to find that the locks on the doors had been changed. He alleges that his mortgage payments were made in full and co-defendant Ally Bank Corp. ("Ally Bank") had the locks changed. Subsequently, on August 31, 2015, Dean Morris was employed to conduct foreclosure

---

[1] Because the instant motion was decided pursuant to Rule 12(b)(6), the Court did not reach the Rule 12(c) analysis.

proceedings to enforce a Note and Mortgage against Brock due to the fact that he had defaulted on the payments. In compliance with the Fair Debt Collections Practices Act, Dean Morris mailed a notice to Brock on or about September 14, 2015. On September 17, 2015, Brock received the letter from Dean Morris stating that they were employed by Ally Bank to file legal action against Brock's mortgage loan totaling the amount of $52,155.72 plus several additional charges. On or about September 24, 2015, Dean Morris received correspondence from Brock threatening legal action and Brock filed his complaint the same day.

On February 19, 2016, Dean Morris filed an unopposed Rule 12(b)(6) motion to dismiss for failure to state a claim (Record Document 20). It is Dean Morris' position that under no set of facts could Brock recover damages from the facts alleged in the complaint.

## LEGAL STANDARD

Dean Morris has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which need only be enough to alert the defendant of the claims being brought against him. See Conley v. Gibson, 355 U.S. 47 (1957). However, more recent precedent has determined that in order for a plaintiff to survive a motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). The Iqbal Court determined that a claim is plausible on its face when the facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal 550 U.S. at 1949 (2009). Additionally, the court need only to accept the well-plead facts as true

and may dismiss any legal conclusions. See id. at 1949-1950.

To be legally sufficient, a claim must go beyond proving merely a "sheer possibility" that plaintiff's claim is valid. See id. However, it is not necessary for the complaint to contain meticulous factual details for each claim, though the claims must go beyond "labels and conclusions, and a formulaic recitation of the elements." See Twombly 550 U.S. at 555. If the factual allegations do not meet this heightened plausibility pleading standard or if the allegations demonstrate that the plaintiff is not entitled to relief, then the case is subject to dismissal. See id.; see also Jones v. Bock, 549 U.S. 199, 215 (2007).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a district court must limit itself to the contents of the pleadings, including attachments thereto," which includes documents attached to the motion to dismiss. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has adopted the position of other circuits that the documents that are attached to the motion to dismiss are to be considered as part of the pleading if the plaintiff referred to them in the complaint and are paramount to his claim. See id. at 498-99 (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

## ANALYSIS

The function of a Rule 12(b)(6) motion to dismiss for the failure to state a claim is to "allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). Therefore, Dean Morris has the burden of proving that under no set of facts could Brock recover based on the allegations stated in the pleadings.

Dean Morris argues that Brock did not allege any misconduct on the part of Dean

Morris in either the original complaint (Record Document 1) or the amended complaint (Record Document 2). The original complaint is titled a "Motion for Temporary Restraining Order for Foreclosure." Record Document 1. In this document, Dean Morris is only accused of sending a letter to Brock regarding the foreclosure of his home and not verifying Brock's mortgage by any information such as an account number. See id. The only other misconduct alleged in the original complaint by Brock on the part of Dean Morris is that the receptionist failed to let him speak to an attorney when calling to inquire about the letter he received. According to the Twombly Court, "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" misconduct on the part of the defendant. Twombly, 550 U.S. at 545. Here, Brock did not plead any allegations that give rise to the belief that discovery would in fact reveal evidence of legally punishable misconduct by Dean Morris. Therefore, the claims being brought by Brock against Dean Morris should be dismissed.

Additionally, in the amended complaint entitled "Wrongful Foreclosure and Theft" filed on September 25, 2015, Brock alleges the cause of action of "wrongful foreclosure and/or eviction." Record Document 2. In this document, there are only two mentions of Dean Morris. First, Brock names Dean Morris as a defendant in the lawsuit in paragraph 3. Second, Brock states in paragraph 9 that he received a letter from Dean Morris informing him that Dean Morris was engaged by co-defendant Ally Bank to commence the legal proceedings to enforce Mr. Brock's mortgage loan. Once again, neither of these references to Dean Morris constitute a legal cause of action, and therefore, the allegations are not plausibly plead in accordance with Twombly and Iqbal. In addition, notably absent

from both the original complaint and the amended complaint are any alleged damages caused by Dean Morris as well as a lack of any prayer for relief. This absence further displays that Dean Morris is not a proper defendant in this action.

Based on the failure to state a claim under Rule 12(b)(6), and the absence of any opposition, Dean Morris' Motion to Dismiss is **GRANTED**. Brock has failed to state any legal cause of action to which he would be entitled to relief against Dean Morris. Therefore, Brock's claim against Dean Morris is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

The Court finds that Mr. Brock has not met the required pleading standard under Rule 12(b)(6). Accordingly, Dean Morris's *unopposed* Rule 12(b)(6) Motion to Dismiss (Document 20) is **GRANTED**. Brock's claim(s) against Dean Morris are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of August 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE